**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **IN RE:** | ) | |
| **METHYL METHACRYLATE (MMA)** | ) | 06-md-1768 |
| **ANTITRUST LITIGATION** | ) | 10-md-1768 |
|  | ) | |
|  | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | |
| **ALL ACTIONS** | ) | |
|  | ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants' motions to dismiss the Direct Purchaser and Indirect Purchaser Second Amended Complaints for failure to state a claim are currently pending before this Court. (Doc. Nos. 140, 141, & 142.) Two recent decisions underscore the underlying legal basis for Defendants' motions: it is inadequate for a plaintiff to allege a price-fixing conspiracy based on factual allegations that are merely *consistent* with such a conspiracy. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, No. MD 06-1775, slip op. at 16 (E.D.N.Y. Sept. 26, 2008); *In re Digital Music Antitrust Litig.*, No. 06 MDL 1780, slip op. at 24 (S.D.N.Y. Oct. 9, 2008). Rather, to survive a motion to dismiss in a price-fixing case, a plaintiff's non-conclusory allegations must "raise[] a suggestion of a preceding agreement." *Digital Music*, slip op. at 14 (quoting *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1969 (2007)).

In *Air Cargo*, the court rejected the "overall plausibility" of allegations that the defendant domestic and foreign airlines had conspired to raise air cargo shipping rates by: 1) agreeing to impose fuel, security, "war risk", and customs surcharges; and 2) refusing to discount, exchanging information, and allocating customers. Slip op. at 12-15. Though the plaintiffs had alleged "'secret meetings' and 'communications' entered into by the defendants' representative[s] 'at the highest levels' in 'various venues including Europe, the United States, and 'Africa,'" with

"chronological details," the court found the allegations to be "so broad and so vague that they fail to stand for anything." *Id.* at 13-14. The court faulted the complaint because "it pleads no basis for including *these* particular defendants in *this* suit other than the fact that they allegedly engaged in parallel conduct." *Id.* at 15. Furthermore, though the complaint suggested that the defendants' parallel imposition of new surcharges was the product of a conspiracy, the court found that the plaintiffs "fail to take the necessary next step of excluding the possibility that defendants' parallel conduct was 'in line with a wide swath of rational and competitive business strategy unilaterally prompted by common perceptions of the market.'" *Id.* at 16 (quoting *Twombly*, 127 S. Ct. at 1964).

In *Digital Music*, the court dismissed a putative class action complaint alleging that four defendant record companies conspired to raise the price of digital music. Slip op. at 2-3. The plaintiffs specifically alleged that defendants entered into sham joint venture arrangements that charged supracompetitive prices and imposed restrictions on the use of digital music, enforced those price and use restrictions through most-favored nations clauses and side agreements with the joint ventures, and set a price floor for purposes of dealing with third-party licensees. *Id.* at 5-8. But the court rejected the plaintiffs' allegations of "sham" joint venture arrangements because "each reason offered . . . to support their sham allegation has an entirely reasonable independent justification." *Id.* at 16. Considering these allegations, together with plaintiffs other allegations, including allegations of parallel price increase announcements, the court concluded that the allegations "are just as consistent with independent actions" and "are insufficient as a matter of law." *Id.* at 24.

[SIGNATURE ON NEXT PAGE]

Date:   October 16, 2008.	Respectfully submitted,


                                         <u>s/ Howard D. Scher</u>
Howard D. Scher
Steven E. Bizar
Thomas P. Manning
Landon Y. Jones
BUCHANAN INGERSOLL & ROONEY PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103-2985
(215) 665-8700
(215) 665-8760 (fax)
*Attorneys for Defendants Arkema Inc. and Arkema France and on behalf of Defendant Lucite International, Inc.*