IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                    :
METHYL METHACRYLATE (MMA)                 :
ANTITRUST LITIGATION                      :    06-md-1768
                                          :
THIS DOCUMENT RELATES TO:                 :
ALL DIRECT PURCHASER ACTIONS              :

## ORDER

**AND NOW**, this 23rd day of September, 2009, upon consideration of the Direct Purchaser Class Plaintiffs' Motion for Final Approval of the Proposed Settlements With All Defendants and Plan of Allocation (Docket No. 179), and the Direct Purchaser Class Plaintiffs' Unopposed Motion for Award of Attorneys' Fees and Expenses, and for Incentive Award Payments for Class Representatives (Docket No. 184), and after a hearing, it is **ORDERED** that the motions are **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1.   The plaintiffs' separate settlement agreements with defendants (1) Evonik Degussa GmbH (f/k/a Degussa AG), Evonik Degussa Corporation (f/k/a Degussa Corporation), Röhm GmbH & Co. KG, Röhm Americas LLC (n/k/a CYRO Industries), CYRO Industries and Cytec Industries Inc. (collectively, "the Degussa Defendants") (the "Degussa Settlement Agreement"); (2) Lucite International Ltd. and Lucite International, Inc. (collectively, "the Lucite Defendants") (the "Lucite Settlement Agreement"); (3) Arkema Inc. (f/k/a Atofina Chemicals, Inc. and Elf Atochem North America, Inc.), Arkema France (f/k/a Arkema S.A., Atofina S.A. and Elf Atochem S.A.), and Altuglas International (the "Arkema Defendants") (the "Arkema Settlement Agreement"); and (4) Imperial Chemical Industries plc ("ICI") (the "ICI Settlement Agreement") (collectively, the "Settling

Defendants") are **APPROVED** as fair, reasonable and adequate.

    2.    The Settlement Classes have received notice in the manner required by the Order of June 24, 2009 (Docket No. 175), and such notice satisfies the requirements of Federal Rule of Civil Procedure 23(c).

    3.    All Settling Defendants and their past and present officers, directors, employees, parents, subsidiaries and affiliates and the predecessors, successors, heirs, executors, administrators, and assigns of each of the Settling Defendants (the "Releasees"), shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, and liabilities of any nature (including costs, penalties, and attorneys' fees) that Class Representatives, the Settlement Class Members and their respective past and present parents, subsidiaries, and affiliates (the "Releasors"), or each of them, ever had, now have, or at a later time can, shall, or may have against the Releasees on account of, arising out of, relating to, or resulting from or in any way relating to conduct of the Releasees prior to the date on which the Settlement Agreements become final concerning any aspect of the pricing, selling, discounting, marketing, manufacturing, and distributing of MMA or Acrylic Products purchased in the United States and its territories.  The released claims include claims based in whole or in part on the facts, occurrences, transactions or other matters alleged in the Complaint, or that could have been alleged or asserted in the Complaint, or otherwise the subject of this Action, which arise under any federal or state antitrust, unfair competition, unfair practices, trade practice, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et seq.  Each Releasor has also waived California Civil Code Section

1542 and similar provisions in other states.  The provisions of this release apply, regardless of the provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction. Each Releasor has expressly and fully, finally and forever waived, relinquished, and forever settled and released any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above.  Each Releasor has also expressly waived and fully, finally and forever settled any claims it may have against Releasees or any of them under California Business and Professions Code § 17200 et seq.  Nothing in this Order shall release any product defect, breach of contract or similar claim between the parties relating to MMA and Acrylic Products.  The Releasors are **PERMANENTLY BARRED** and **ENJOINED** from instituting, commencing and/or prosecuting, directly or indirectly, any claim, suit or proceeding with request to any of the released claims.

    4.    The Court approves the plan of distribution of the approved settlement funds proposed by Class Counsel as fair and reasonable. Accordingly, in connection with the administration of the claims received by Class Counsel and the Claims Administrator, Heffler, Radetich & Saitta, LLC ("Claims Administrator"),  pursuant to paragraph 23 of the Preliminary Approval Order, the Net Settlement Funds (that is, the portion of the approved settlement funds that remains after deduction of: the reduction of the settlement funds on account of opt-outs; notice and administration costs, including the fees and costs of the Claims Administrator that have already been or may later be approved by the Court; any expenses that the Court may award; and any attorneys' fees and expenses that may later

be awarded to Class Counsel, and any incentive award payments to class representative that may be awarded), shall be distributed on the basis set out in The Notice of Pendency and Proposed Distribution of Settlement Funds, Plan of Distribution and Application for Attorneys' Fees and Expenses, attached as Exhibit 1 to the Order of June 24, 2009.

5. Class Counsel's request for attorneys' fees is **GRANTED**, and Co-Lead Counsel are awarded $4,545,000.00, representing 30% of the $15,150,000.00 in settlement funds.

6. Class Counsel's request for reimbursement of expenses is **GRANTED**, and CoLead Counsel are awarded $1,329,940.98 to be paid from the settlement funds for expenses that Co-Lead Counsel reasonably incurred to prosecute this litigation.

7. Co-Lead Counsel are authorized to distribute the awarded attorneys' fees to plaintiffs' counsel in a manner which, in the opinion of Co-Lead Counsel, fairly compensates each plaintiffs' counsel's firm in view of its contribution to the prosecution of direct purchaser plaintiffs' claims.

8. In consideration for their services as Class Representatives and the benefit they conferred on the Settlement Classes, each of the six plaintiffs, Borden & Remington Corporation, ConMed Corporation, Dental Models & Designs, Inc., Inhee Lighting Corporation (n/k/a Innovative Hightech Lighting Corporation), Just Hardware, Inc., t/a Audubon Hardware & Supply Company, and Plastics Color & Compounding, Inc., are awarded $10,000.00, which sums shall be paid from the settlement funds.

9. The parties are directed to carry out their obligations under the settlement agreements and in conformity with this Order.

10. This action is **DISMISSED WITH PREJUDICE**.

11.     The Court retains jurisdiction over this action, the parties and each of the Class Members for all matters relating to this action and the settlement agreements, including those matters relating to the administration, interpretation, effectuation and/or investment of the settlements and this Order.

12.     The Clerk is directed to enter this order as a **FINAL JUDGMENT** pursuant to Federal Rule of Civil Procedure 58.

/s/ Timothy J. Savage  
TIMOTHY J. SAVAGE, J.